# JOHN COLBROTH AND ANOTHER v. NATIONAL SURETY COMPANY.[1]

June 26, 1916.

Nos. 19,807—(201).

**Trover and conversion — question for jury.**

Action for conversion of a team of horses. *Held*: There was evidence tending to show the horses were used by defendant and the court erred in directing a verdict in defendant's favor. [Reporter.]

Action in the district court for St. Louis county by the partners doing business as John Colbroth & Company to recover $550 for conversion of a team of horses. The case was tried before Ensign, J., who directed a verdict for $50 in favor of defendant. From an order denying their motion for a new trial, plaintiffs appealed. Reversed and new trial granted.

*Benjamin M. Goldberg, A. T. Rock* and *J. A. P. Neal*, for appellants.
*Washburn, Bailey & Mitchell*, for respondent.

PER CURIAM.

This is an action to recover the value of a team of horses alleged to have been converted by defendant. The complaint alleged that one McDonnell, who was engaged in grading and paving work for the city of Duluth, hired the team in question, with other teams, from plaintiffs in June, 1913, for use on the work, agreeing to pay for the services of each team $35 per month, and to deliver the teams to plaintiffs on demand; that on August 5, 1913, McDonnell,

1 Reported in 158 N. W. 1057.
133 M.—31.

being unable to prosecute the work, arranged with defendant, the surety on his bond, with the consent of the city, to turn over to defendant the work of completing his contracts and did so turn over this work, with all of his equipment, including the team in question; it was alleged that in September defendant paid plaintiff $35 for the use of the team in August, and a like sum in October for its use in September; that on October 9, plaintiffs demanded of defendant the possession of the team, but that defendant then and ever since has refused to surrender the horses, to plaintiffs' damage in the sum of $550. To this complaint the defendant answered, in effect denying conversion of the team, and setting up a counterclaim based upon an overpayment by mistake of the sum of $70, for the use of horses belonging to plaintiffs. The issues were tried before the court and a jury. At the close of the evidence the court granted a motion of defendant to direct a verdict in its favor in the main action, and upon the counterclaim. The motion was granted, except that the verdict directed and returned was for $50, instead of $70, as demanded in the answer. Plaintiffs appealed from an order denying their motion for a new trial.

It seems to us that the case should have gone to the jury. The view taken by the learned trial court was that there was no evidence worthy of belief, tending to show that the horses were used in the work after defendant took it over. But in reaching this conclusion it was necessary to ignore the positive evidence of one witness, as well as some corroborating testimony. It is the kind of case where a discussion of the evidence is of no profit to the profession or the parties. We content ourselves with stating our conclusion, reached after a careful examination of the record, that there was evidence to take the case to the jury on the question of defendant's responsibility for the admitted failure of plaintiffs to get back the team. The mystery of its strange disappearance should be solved by a jury, rather than by the court.

Order reversed and new trial granted.